UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHEELER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JEROME PRICE,<br><br>　　　　　Respondent. | No. 2:14-cv-0521 MCE KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

    Petitioner is a state prisoner, proceeding without counsel. Petitioner challenges the January 23, 2012 prison disciplinary proceedings where petitioner was found guilty of "Introduction of Dangerous Contraband to a State Prison -- Possession of Cell Phones." (ECF No. 1 at 24.) Petitioner is serving a sentence of life with the possibility of parole based on his conviction for kidnap for the purpose of robbery and robbery. (ECF No. 1 at 2.) The inmate locator website for the California Department of Corrections and Rehabilitation reflects that petitioner was admitted to their custody on August 31, 1982.

    Respondent filed a motion to dismiss the petition on the grounds that the petition fails to state a cognizable claim for federal habeas relief. Petitioner filed an opposition; no reply was filed. As set forth below, the undersigned recommends that the motion be denied.

////

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

III. Factual and Procedural Background

Petitioner was convicted of kidnap for the purpose of robbery and robbery and sentenced to life with the possibility of parole. (ECF No. 1 at 2.) Petitioner has passed his minimum eligible parole date, although neither party identified the specific date.[1] (ECF No. 1 at 9.)

On January 23, 2012, petitioner received a Rules Violation Report ("RVR"), Log #12-03-35-P-4, for introduction of dangerous contraband to a state prison -- possession of cell phones. (ECF No. 1 at 5, 24.) Petitioner was found guilty of the RVR and assessed a 90 day loss of credit. (ECF No. 10 at 2.)

Petitioner filed the present federal habeas corpus petition challenging the prison disciplinary on February 17, 2014.[2] (ECF No. 1 at 30.) In this petition, he alleges that his due process rights were violated during the hearing on RVR Log No. 12-03-35-P-R. (ECF 1 at 6-9.) By way of relief, petitioner seeks the reversal of his guilty finding and expungement of all references to this disciplinary conviction in his prison records. (ECF No. 1 at 6.)

////

---

[1] It appears petitioner has had at least two parole consideration hearings, one in March of 2007, and another on November 15, 2012. (ECF No. 10 at 4-5.) Minimum Eligible Parole Date ("MEPD") means the earliest possible date on which an Indeterminate Sentence Law or life prisoner may legally be released on parole.

[2] Petitioner was given the benefit of the prison mailbox rule in determining the filing date of his federal habeas petition. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

IV. Respondent's Motion to Dismiss

In his motion to dismiss, respondent contends that habeas jurisdiction only lies for challenges that result in "immediate or speedier release" and that petitioner's challenge will not necessarily shorten his prison term. (ECF No. 9 at 3, citing Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011), Blair v. Martel, 645 F.3d 1151, 1157 (9th Cir. 2011), and Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Because petitioner is serving a sentence of life in state prison, respondent contends that success in this action will not accelerate his release from prison because he cannot be released from prison until he is found suitable for parole by the Board of Parole Hearings. (ECF No. 9 at 3.) Respondent contends that petitioner's reliance on the rulings in Bostic and Docken are unavailing because they pre-date Dotson and Switzer, and are distinguishable.

Further, respondent contends that the Board is not required to deny parole based on the existence of an RVR; rather, an inmate's disciplinary history is only one of many factors the Board considers when evaluating a life inmate's suitability for parole. (ECF No. 9 at 4.) Respondent argues that petitioner's reliance on Sandin v. Conner, 515 U.S. 472 (1995), is unavailing because the Supreme Court found that the disciplinary actions did not inevitably affect duration of the inmate's sentence because the parole board was not required under state law to deny parole because of that misconduct, and that the decision to parole was based on a "myriad of considerations" such that a finding of misconduct is "too attenuated" to invoke due process guarantees. Id. at 487. Respondent contends that petitioner's challenge here is similarly too attenuated to invoke habeas jurisdiction. (ECF No. 9 at 4.) Thus, respondent argues that the prison disciplinary finding does not affect the calculation of petitioner's sentence.

In opposition, petitioner argues that the Board has and will continue to use the prison disciplinary to deny him parole at parole consideration hearings. (ECF No. 10 at 2.) Petitioner provided pages from his 2012 parole hearing which petitioner contends demonstrate "words coming directly from the Parole Board . . . Deputy Commissioner clearly stating that this disciplinary report is crucial to moving forward." (ECF No. 10 at 3.) Petitioner notes that the 2007 parole denial marked "No More 115's" first on the list. (ECF No. 10 at 3, 4.)

////

V. <u>Legal Standards</u>

The establishment of jurisdiction is a necessary prerequisite to proceeding with this action. See <u>Wilson v. Belleque</u>, 554 F.3d 816, 821 (9th Cir. 2009). Petitioner does not challenge the validity of his conviction or sentence, the length of his confinement to date, or the denial of parole. Rather, petitioner challenges the guilty finding that occurred at a disciplinary hearing.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . 42 U.S.C. § 1983. While the two remedies are not necessarily mutually exclusive, <u>Docken v. Chase</u>, 393 F.3d 1024, 1031 (9th Cir. 2004), challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006) (quoting <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004)). Federal habeas corpus jurisdiction is also available to a prisoner seeking "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing <u>McCollum v. Miller</u>, 695 F.2d 1044, 1047 (7th Cir. 1982)); <u>see also</u> Docken, 393 F.3d at 1028-29. Therefore, the court must first determine whether the disciplinary proceeding at issue in the present case has any effect on the fact or duration of petitioner's confinement.

The Ninth Circuit has permitted habeas to be used to assert claims that are "likely to accelerate" eligibility for parole, even though success in such cases would not necessarily implicate the fact or duration of confinement. <u>Docken</u>, 393 F.3d at 1028 (citing <u>Bostic v. Carlson</u>, 884 F.2d 1267 (9th Cir. 1989)). The holding in <u>Docken</u> is narrow and establishes that "when prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, could potentially affect the duration of their confinement, such relief is available under the federal habeas statute." <u>Docken</u>, 393 F.3d at 1031.

In <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1063 (2004), the Court held that habeas jurisdiction is absent and a 42 U.S.C. § 1983 action proper "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." <u>Ramirez</u>, 334 F.3d at 859. In <u>Ramirez</u>, a California state prisoner brought a civil

1  rights action under 42 U.S.C. § 1983, seeking damages, declaratory relief and injunctive relief.
2  Id. at 853.  The prisoner's complaint alleged that the procedures of his prison disciplinary hearing
3  and the term of his administrative segregation violated his constitutional rights.  Id. at 852.  The
4  District Court dismissed both claims.  Id.  The Ninth Circuit reversed, holding that an inmate can
5  "challenge the conditions of his confinement under § 1983 [where] his claim, if successful, would
6  not necessarily invalidate a disciplinary action that affects the fact or length of his confinement."
7  Id.  The Ninth Circuit found that Ramirez's request for expungement of disciplinary records will
8  not necessarily shorten the length of his confinement because the parole board will still have
9  authority to deny parole based on several other grounds.  Id. (citing Neal v. Shimoda, 131 F.3d
10 818 (9th Cir. 1997)).
11 VI. Analysis
12      First, the undersigned is not persuaded that Blair, 645 F.3d at 1157, a capital case, is
13 applicable here.  In Blair, the Ninth Circuit was not addressing a challenge to a prison disciplinary
14 and its potential impact on the prisoner's parole; rather, the prisoner asserted a denial of due
15 process based on appellate delay in hearing his appeal and asked for an order compelling the
16 California Supreme Court "to give him the appellate process due him under California law."  Id.
17 at 1157.  The Ninth Circuit concluded that it lacked habeas jurisdiction over the case because the
18 request for an expedited appeal did not "necessarily spell speedier release."  Id.  "[A] request for
19 an order directing a state court to hasten its consideration of an appeal belongs in a § 1983
20 complaint, not a habeas petition."  Blair, 645 F.3d at 1157-58 (footnote omitted).  Similarly, in
21 Switzer, the Supreme Court was not addressing a prison disciplinary, but rather the difficult issue
22 of whether a prisoner's effort to obtain forensic DNA testing must be brought in a habeas action.
23      Second, the undersigned acknowledges that district courts in the Ninth Circuit have
24 disagreed whether habeas jurisdiction exists for a challenge to a prison disciplinary.  See Wright
25 v. Dickinson, 2011 WL 2414516, *1-2 (E.D. Cal. June 10, 2011) (collecting cases with opposite
26 findings); Jackson v. Swarthout, 2011 WL 3875859, *3-4 (E.D. Cal., Aug. 31, 2011) ("Courts
27 within the Ninth Circuit have not responded uniformly to this issue," and provided a brief
28 discussion concerning the source of the disagreement.)

Here, however, upon review of the pleadings, the parties' briefing, and the documents from petitioner's 2007 and 2012 parole board hearings, the undersigned concludes that the expungement of petitioner's RVR is "likely to accelerate the prisoner's eligibility for parole" and therefore could affect the duration of his confinement. Bostic, 884 F.2d at 1269. The documents provided from petitioner's Board of Parole Hearings demonstrate the importance the Board placed on the prison disciplinary, and petitioner was specifically asked to file a petition to advance his parole consideration if the prison disciplinary is dismissed. (ECF No. 10 at 4, 6-9.) In addition to stipulating to continue petitioner's parole hearing for three years pending resolution of petitioner's challenge to the RVR at issue here, Deputy Commissioner Martin specifically stated that "having a 115 like that dismissed would be a strong reason to advance [petitioner's next parole hearing]. It would be a very good change of circumstances." (ECF No. 10 at 9.)

Therefore, even though petitioner's minimum eligible parole date has passed, the record demonstrates that the disciplinary conviction had a concrete impact on petitioner's 2012 parole suitability determination. See Sarmiento v. Hill, 2014 WL 1329900 (E.D. Cal. Apr. 1, 2014) (where prisoner challenging prison disciplinary for possession of cell phone and charger, habeas jurisdiction exists even though minimum eligible parole date had long passed); Avina v. Adams, 2012 WL 1130610 (E.D. Cal. 2012) (finding that habeas jurisdiction exists for prison disciplinary challenge even though it did not affect prisoner's minimum eligible parole date). On the facts of this case, the nexus between the disciplinary finding and petitioner's suitability for and release to parole is not speculative. Thus, habeas jurisdiction is appropriate. For this reason the undersigned recommends denying the motion to dismiss.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be denied, and

2. Respondent be directed to file an answer within fourteen days from any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 3, 2015

/whee0521.mtd.hc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE