UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WHEELER,<br><br>             Petitioner,<br><br>      v.<br><br>JEROME PRICE,<br><br>             Respondent. | No. 2:14-cv-0521 MCE KJN P<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254. Petitioner challenges a prison disciplinary conviction for introduction of dangerous contraband to a state prison. Petitioner alleges that his due process rights were violated during the hearing, and seeks reversal of the guilty finding and expungement of all references to the prison disciplinary conviction in his prison records.

On March 11, 2015, respondent's motion to dismiss this action for lack of jurisdiction was denied; subsequently, respondent filed an answer and petitioner filed a reply. On June 15, 2015, petitioner filed a motion for temporary restraining order or preliminary injunction seeking an order restraining the California Department of Corrections and Rehabilitation from placing any documents related to the prison disciplinary at issue, Log #12-03-35, in any file that is related to petitioner when he appears before the Board of Parole Hearings. (ECF No. 20 at 2.) As

discussed below, the undersigned recommends that this action be dismissed for lack of jurisdiction, and that petitioner's motion for injunctive relief be denied.

II. Intervening Change in the Law

Recently, the Court of Appeals for the Ninth Circuit clarified that a claim challenging prison disciplinary proceedings is cognizable in habeas only if it will "*necessarily* spell speedier release" from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody." Nettles v. Grounds, 2015 WL 3406160, at *1 (9th Cir. May 28, 2015) (quoting Skinner v. Switzer, 131 S. Ct. 1289 n.13, (2011) (emphasis added by Nettles) (internal quotation marks omitted by Nettles) (citing Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)).  The panel emphasized that prior circuit precedent applying the standard more generously is no longer valid. Id.[1]  Applying Skinner, the Ninth Circuit held that the district court lacked jurisdiction over the discipline-related claim of a California inmate serving an indeterminate life sentence, who had not yet been found suitable for parole.  Under these circumstances, the court held that expungement of the disciplinary finding or restoration of lost good-time credits would not necessarily accelerate release. Nettles, 2015 WL 3406160 at *9.  Accordingly, Nettles challenge to the prison disciplinary was not cognizable in habeas. Id.

Under the doctrine of the law of the case, "a court will not reexamine an issue previously decided by the same or higher court in the same case." Lucas Auto Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001).  The court may exercise its discretion to depart from the law of the case only if one of these five circumstances is present:  (1) the first decision was clearly erroneous; (2) there has been an intervening change of law; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).  It is an abuse of

////

---

[1] "To the extent our cases have indicated that the writ of habeas corpus may extend to claims that, if successful, would merely be likely to or have the potential to lead to a speedier release, they are superseded by the Supreme Court's rulings." Id.

2

discretion for a court to depart from the law of the case without one of these five requisite conditions. Thomas v. Bible, 983 F.2d 152, 155 (9th Cir. 1993).

Here, Nettles represents an intervening change in the law. Petitioner's situation is indistinguishable from that of the petitioner in Nettles. Like Nettles, petitioner is serving an indeterminate life sentence. (ECF No. 1 at 2.) Like Nettles, petitioner has passed his minimum eligible parole date but has not yet been found suitable for parole by the Board. (ECF Nos. 1 at 9; 10 at 4-5) (petitioner has had at least two parole consideration hearings, one in March of 2007, and another on November 15, 2012). Under California regulations that apply here, as they did in Nettles, the disputed disciplinary finding may affect the Board's future assessment of petitioner's suitability for parole, and if he is ever found suitable the lost credits will likely affect the calculation of his release date.[2] See Nettles, 2015 WL 3406160 at *7-8 (reviewing California parole process). But the effect of expungement or credit restoration on the duration of petitioner's confinement under these circumstances is "too attenuated" to support habeas jurisdiction. Nettles, 2015 WL 3406160 at *8. The Board maintains broad discretion in determining whether and when petitioner will be released; thus, it cannot be said that habeas relief would "necessarily spell speedier release." Skinner, 131 S. Ct. at 1299 n.13. Petitioner's claim is therefore not cognizable under the habeas statute.

In light of this intervening and binding change in the law, the undersigned recommends that the February 4, 2015 findings and recommendations and March 11, 2015 order be vacated, and respondent's motion to dismiss be granted.

---

[2] As previously found, the nexus between the disciplinary finding and petitioner's suitability for and release to parole is not speculative. (ECF No. 14 at 6.) The documents provided from petitioner's Board of Parole Hearings demonstrate the importance the Board placed on the prison disciplinary, and petitioner was specifically asked to file a petition to advance his parole consideration if the prison disciplinary is dismissed. (ECF No. 10 at 4, 6-9.) In addition to stipulating to continue petitioner's parole hearing for three years pending resolution of petitioner's challenge to the RVR at issue here, Deputy Commissioner Martin specifically stated that "having a 115 like that dismissed would be a strong reason to advance [petitioner's next parole hearing]. It would be a very good change of circumstances." (ECF No. 10 at 9.) However, under Nettles, such circumstances are now "too attenuated" given the Board's broad discretion in deciding whether to advance the parole hearing, as well as then determining petitioner's suitability for parole based on a wide variety of factors unrelated to the prison disciplinary.

3

III. <u>Request for Injunctive Relief</u>

Because this court lacks jurisdiction over petitioner's claim, the motion for injunctive relief is necessarily moot and should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The February 4, 2015 findings and recommendations be vacated;

2. The March 11, 2015 order be vacated;

3. Respondent's motion to dismiss (ECF No. 9) be granted;

4. Petitioner's motion for injunctive relief (ECF No. 20) be denied as moot; and

5. Petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 18, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/whee0521.mtd.Nettles